UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES HOSKINS,

            Plaintiff,

v.                                              Case No. 20-cv-851-pp

MILWAUKEE COUNTY JAIL,

            Defendant.

**ORDER REQURING PLAINTIFF TO SUBMIT CERTIFIED COPY OF TRUST ACCOUNT STATEMENT AND GRANTING MOTION FOR STATUS REVIEW (DKT. NO. 6)**

      Plaintiff James Hoskins is no stranger to federal court. Between June 2002 and August 2006, he filed seven cases in the Eastern District of Wisconsin. In at least two of those cases—<u>Hoskins v. Jenkins, *et al.*</u>, 06-cv-867 (E.D. Wis.) and <u>Hoskins v. TCF Bank</u>, 06-cv-868 (E.D. Wis.)—the plaintiff filed motions to proceed without prepaying the filing fee and provided the court with his prisoner trust account statements. He is familiar with that process.

      On June 5, 2020, the plaintiff filed a complaint alleging the defendant violated his civil rights. Dkt. No. 1. This is the second federal lawsuit he has filed in 2020; he filed <u>Hoskins v. House of Correction</u>, Case No. 20-cv-619 less than a month earlier. In neither case did the plaintiff pay the $400 civil filing fee or file a request to proceed without prepaying that fee or a certified trust account statement. In both cases, the clerk's office mailed the plaintiff a letter informing him that if he wanted to proceed without prepayment of the filing fee,

1

within twenty-one days of the date of the letter he had to file a request to proceed without prepaying the fee, along with a certified copy of his institutional trust account statement for the six months preceding the filing of his lawsuit. Dkt. No. 2. The letter also asked the plaintiff to file the consent/refusal form for magistrate judge authority. Id. On June 17, 2020, the court received from the plaintiff a motion for leave to proceed without prepaying the filing fee, dkt. no. 4, and the consent/refusal form, dkt. no. 3. It did *not* receive a trust account statement.

The plaintiff did attach some other documents to this motion. One of those documents is an inmate grievance form for the Milwaukee County Jail dated June 1, 2020. Id. at Dkt. No. 4-1 at 1. In the grievance, the plaintiff asserted that he made a purchase from "Armark" at the House of Correction "date of purchase 5/7/20 Price $83.38," and complained that he had not received that purchase. Id. He also complained that "HOC has not returned my funds from canteen purchase that I never received." Id. The plaintiff included a second grievance, also dated June 1, 2020, in which he asserted that he was released from the House of Correction on a bracelet on May 13, 2020, but that as he was driving himself to a doctor's appointment on May 20, 2020, he was pulled over and taken into custody; he asked to have the bracelet restored. Id. at Dkt. No. 4-1 at 2.

On June 9, 2020, the court received a *third* complaint from the plaintiff. Hoskins v. Milwaukee County Jail, Case No. 20-cv-874 (E.D. Wis.) As with the

prior two complaints, the plaintiff did not send a filing fee or a request to proceed without paying one, and did not provide a certified trust account statement. The same day, the clerk sent him a letter requesting the filing fee or a motion and trust account statement within twenty-one days. Id. at Dkt. No. 2.

On July 21, 2020, the clerk sent a second letter in this case, again requesting a copy of the plaintiff's trust account statement. Hoskins v. Milwaukee County Jail, Case No. 20-cv-851 at Dkt. No. 5. This letter warned the plaintiff that he must submit the certified trust account statement within twenty-one days of the date of the letter and that failure to do so could result in the court dismissing the case. Id. On July 23, 2020, the court received from the plaintiff a motion for status review. Dkt. No. 6.

On August 4, 2020, the court received a letter from the plaintiff, in which he indicated that he had received the clerk's office request for a trust fund statement "on 7/23/20." Dkt. No. 7. He stated, "This is the first notice I received." Id. The letter said, "Please find enclosed the latest said copy. Please notify upon receipt." Id. There was nothing enclosed with this letter or attached to it. The court still has not received a copy of the plaintiff's trust account statement. But the grievance form he included with his request to proceed without prepaying the filing fee indicates that the plaintiff spent at least $83.38 on May 7, 2020 while he was in the House of Correction, and that he made

3

canteen purchases there; this means he had money in his trust account during the month prior to filing this lawsuit.

The court cannot take any action in any of the plaintiff's cases until he provides the court with the certified copy of his inmate trust account statement; the court told the plaintiff that in a July 27, 2020 order it issued in Case No. 20-cv-619. Unfortunately, that order was returned to the court as undeliverable because the plaintiff no longer was at the Milwaukee County Jail. In fact, in his complaint in Case No. 20-cv-619, the plaintiff said that he had been in the House of Corrections "for a retail theft since February 26, 2020." Hoskins v. House of Correction, Case No. 20-cv-619 at Dkt. No. 1 at 1. The publicly accessible docket for the Milwaukee County Circuit Court indicates that a complaint was filed against the plaintiff on February 5, 2020 in Milwaukee County Circuit Court, charging him with retail theft. State v. Hoskins, Case No. 2020CM000433 (Milw. Cty.) (available at https://wcca.wicourts.gov). That docket indicates that as of March 9, 2020, the plaintiff was in the Criminal Justice Facility. Id. It shows that on March 10, 2020, the defendant was turned over to Justice Point for supervision. Id. The grievance the plaintiff attached to his request to proceed without prepaying the filing fee in this case states that the plaintiff was arrested again on May 20, 2020. Sometime between that date and August 11, 2020 (when the July 27, 2020 order the court had issued in Case No. 20-cv-619 was returned as undeliverable), the plaintiff was released from custody but did not provide the

4

court with his new address. The public docket indicates that on August 18, 2020, the plaintiff appeared via video in state court; the judge scheduled his final pretrial conference for December 15, 2020 and his jury trial for January 20, 2021. State v. Hoskins, Case No. 2020CM000433 (Milw. Cty.) (available at https://wcca.wicourts.gov).

The court will give the plaintiff a final opportunity to submit the certified copy of his trust account statement or a written statement explaining why he cannot do so. The state court docket reflects the name of the plaintiff's State Public Defender. The court will send a copy of this order to that attorney, with a request that the attorney forward the order to the plaintiff. If the plaintiff does not provide the trust account statement in time for the court to receive it by the deadline the court sets below, or provide the court with a written explanation of why he cannot do so, the court will dismiss the plaintiff's complaint for failure to comply with the court's order.

The court **ORDERS** that the plaintiff must file a certified copy of his trust account statement covering the period from February 2020 through May 2020, or a written explanation of why he cannot do so, in time for the court to receive it by the end of the day on **September 18, 2020**. If the court does not receive the trust account statement or the written explanation by the end of the day on September 18, 2020, the court will dismiss this case for failure to comply with the court's order.

5

The court **GRANTS** the plaintiff's motion for the status of this case. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 24th day of August, 2020.

                              **BY THE COURT:**

                              _____
                              **HON. PAMELA PEPPER**
                              **Chief United States District Judge**