UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES HOSKINS,

                Plaintiff,

v.                                                 Case No. 20-cv-851-pp

MILWAUKEE COUNTY JAIL, *et al.*,

                Defendants.

---

**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO FILE A CERTIFIED TRUST ACCOUNT STATEMENT**

---

      Plaintiff James Hoskins, representing himself, has filed numerous cases in the Eastern District of Wisconsin. As this court explained when dismissing one of them, the plaintiff knows the process prisoners must follow when filing civil rights cases. See Hoskins v. House of Correction, Case No 20-cv-619, Dkt. No. 18 at 1. Between April 2020 and August 2020, the plaintiff filed four civil rights lawsuits under 42 U.S.C. §1983—Case Nos. 20-cv-619, 20-cv-851, 20-cv-874 and 20-cv-1329. In each of them he asked to proceed without prepaying the filing fee and each of them is missing information necessary to allow the court to decide whether to do so. In each case, the court has given the plaintiff the opportunity to provide the missing information.

      In this case, what's missing is the plaintiff's six-month certified trust account statement. The Clerk of Court has twice notified the plaintiff that he needs to provide the trust account statement—once in a letter dated June 8,

2020 (days after he filed the lawsuit) and again in a letter dated July 21, 2020. Dkt. Nos. 2, 5. The second letter warned the plaintiff that if he did not submit the statement within twenty-one days the court could dismiss the case. Dkt. No. 5. Although on July 23, 2020, the court received from the plaintiff a motion for a status review, dkt. no. 6, it did not receive the trust account statement. On August 4, 2020, the court received a letter from the plaintiff, stating that on July 23, 2020 he had received the court's request for a trust account statement and that that was the first notice of which he was aware. Dkt. No. 7. Although he stated that he had enclosed with that letter a copy of the trust account statement, there was nothing enclosed with the letter or attached to it. Id.

On August 24, 2020—almost three months after the plaintiff filed his complaint—the court issued an order explaining to the plaintiff that it could not take any action in any of his cases until he provided the court with the certified copy of his inmate trust account statement. Dkt. No. 8 at 4. The court also noted that it told the plaintiff this same thing in its July 27, 2020 order in Case No. 20-cv-619. Id. That order had been returned as undeliverable because the plaintiff no longer was at the Milwaukee County Jail. In the August 24, 2020 order, the court outlined the plaintiff's incarceration history and decided that because he had been released from custody, the court would give him one final opportunity to submit the certified copy of his trust account statement, giving him a deadline of September 18, 2020 by which to do so. Id. at 5.

Because the court did not have an address for the plaintiff, the court sent the order to the plaintiff's public defender in his criminal case.

On August 28, 2020, the court received from the plaintiff a notice of change of address, providing a new mailing address of 3283 N. 11th St., Milwaukee, WI 53206. Dkt. No. 9. Because the court couldn't be sure that the plaintiff had received a copy of the court's August 24, 2020 order, on October 16, 2020, the court issued *another* order, enclosing the copy of the August 24, 2020 order and giving the plaintiff a deadline of November 6, 2020 to file a copy of his certified trust account statement covering the period from February 2020 through May 2020 or provide the court with a written explanation as to why he could not do so. Dkt. No. 10. This order also was returned to the court as undeliverable, and the plaintiff has not provided the court with an updated address.

Because the plaintiff has not complied with the court orders requiring him to file a copy of his certified trust account statement and because it appears that he has not kept the court updated as to his current address, the court will dismiss this case without prejudice. The state court docket reflects the name of the plaintiff's state public defender. The court will send a copy of this order to that attorney, with a request that the attorney forward the order to the plaintiff. Because the court is dismissing the case without prejudice, the plaintiff either may file a new case (the court is enclosing a copy of its form civil

complaint for him to use if he chooses to go this route) or ask the court to reopen the case once he has a stable address.

If the plaintiff files a new case (and assuming he is out of custody when he does so), he either must pay the $400 filing fee or file a motion asking to proceed without prepaying the filing fee (the court is attaching the Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee form). If the plaintiff asks the court to reopen *this* case, he must provide the court with a copy of his trust account statement from the House of Corrections for the period from February 2020 to May 2020.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to file a certified trust account statement as required by 28 U.S.C. §1915(a)(2).

Dated in Milwaukee, Wisconsin this 13th day of November, 2020.

                              **BY THE COURT:**

                              _____
                              **HON. PAMELA PEPPER**
                              **Chief United States District Judge**

4

Case 2:20-cv-00851-PP   Filed 11/13/20   Page 4 of 4   Document 11