UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES HOSKINS,

                Plaintiff,

v.                                                   Case No. 20-cv-851-pp

MILWAUKEE COUNTY JAIL,

                Defendant.

**ORDER DENYING MOTION TO REOPEN CASE (DKT. NO. 13)**

      Between June 2002 and August 2006, plaintiff James Hoskins filed seven cases in the Eastern District of Wisconsin. In at least two of those cases—<u>Hoskins v. Jenkins, et al.</u>, Case No. 06-cv-867 (E.D. Wis.) and <u>Hoskins v. TCF Bank</u>, Case No. 06-cv-868 (E.D. Wis.)—the plaintiff filed motions to proceed without prepaying the filing fee and provided the court with his prisoner trust account statements. The plaintiff is familiar with that process.

      Between April 2020 and August 2020, the plaintiff filed four civil lawsuits under 42 U.S.C. §1983—Case Nos. 20-cv-619, 20-cv-851, 20-cv-874 and 20-cv-1329. In each of them he asked to proceed without prepaying the filing fee and each of them ended up missing information necessary to allow the court to decide whether to grant that request. In each case, the court gave the plaintiff the opportunity to provide the missing information.

      In this case, filed on June 6, 2020, what was missing was the plaintiff's certified six-month inmate trust account statement. Three days after he filed

his case, the clerk's office sent the plaintiff a letter, telling him that he needed to file the certified trust account statement. Dkt. No. 2. The plaintiff didn't provide it—instead, he filed a motion to proceed without prepaying the filing fee. Dkt. No. 4. So the clerk's office sent the plaintiff a second letter, dated July 21, 2020, reminding him that he needed to file the certified trust account statement. Dkt. No. 5. On July 23, 2020, the court received from the plaintiff a motion for a status review, dkt. no. 6, but it did not receive the trust account statement. On August 4, 2020, the court received a letter from the plaintiff, stating that on July 23, 2020 he had received the court's request for a trust account statement and that that was the first notice of which he was aware. Dkt. No. 7. Although the plaintiff's letter indicated that he had enclosed with it a copy of the trust account statement, there was nothing enclosed with the letter or attached to it. Id.

On August 24, 2020—almost three months after the plaintiff had filed his complaint in this case—the court issued an order explaining to the plaintiff that it could not take action in any of his cases until he provided the court with the certified copy of his inmate trust account statement. Dkt. No. 8 at 4. The court told the plaintiff the same thing in its July 27, 2020 order in Case No. 20-cv-619. Id. *That* order had been returned to the court as undeliverable because the plaintiff no longer was at the Milwaukee County Jail. In the August 24, 2020 order, the court outlined the plaintiff's incarceration history and decided that because he had been released from custody, the court would

2

give him one final opportunity to file the certified copy of his trust account statement, giving him a deadline of September 18, 2020 by which to do so. Id. at 5. Because the court did not have an address for the plaintiff, the court sent the order to the plaintiff's public defender in his state criminal case.

On August 28, 2020, the court received from the plaintiff a notice of change of address, providing a new mailing address of 3283 N. 11th Street, Milwaukee, WI 53206. Dkt. No. 9. Because the court couldn't be sure that the plaintiff had received a copy of the court's August 24, 2020 order, on October 16, 2020, the court issued *another* order, enclosing a copy of the August 24, 2020 order and giving the plaintiff a deadline of November 6, 2020 by which to file a copy of his certified trust account statement covering the period from February 2020 through May 2020 or provide the court with a written explanation as to why he could not do so. Dkt. No. 10. This order also was returned to the court as undeliverable, and the plaintiff did not provide the court with an updated address.

On November 13, 2020, the court dismissed the case because the plaintiff had not filed the certified copy of his trust account and the court had no address for him. Dkt. No. 11. The court entered judgment the same day. Dkt. No. 12.

For the next fifteen months, the court heard nothing from the plaintiff. Then, on February 4, 2022, the court received from the plaintiff a motion to reopen this case. Dkt. No. 13. The plaintiff dated the document January 30,

2022. Id. The plaintiff captioned the motion "James Hoskins v H.O.C. Milwaukee County Jail." Id. He did not put a case number on the document. He asked the court to reopen "cases"—plural—based on "excusable neglet." Id. The plaintiff stated that during his last stay at the Milwaukee County Jail, he was asked to produce the trust account statement; he stated that each time he "responded to records to no avail." Id. He stated that he "cc: copies to the Clerk of Court," and said that he had no control over "such records." Id. The plaintiff stated that "upon release [he] contacted the Federal Court providing [his] contact address 604 W Burliegh Street Milw. WI 53206."[1] Id. He stated that he "became homeless shortly thereafter," asserted that he was "never contacted by the court" and said that he read "the response from a friend computer." Id. The return address on the envelope in which the plaintiff mailed the motion is the address of the Milwaukee County House of Correction. Id. at 2.

Two weeks later, on February 17, 2022, the court received from the plaintiff a copy of an HOC "request for interview" dated February 11, 2022, in which the plaintiff asked for his trust account statement from April 16, 2020 to October 16, 2020 and requested that it be sent to this court. Dkt. No. 14 at 1. Someone wrote at the bottom of the request, "You weren't in custody in October see print-out." Id. Following this document is a two-and-a-half-page print-out titled "Inmate Balance History Report." Id. at 2-5. It shows the plaintiff's HOC

---

[1] The docket for this case does not contain a change-of-address that references an address on West Burleigh in Milwaukee.

account from February 28, 2020 to June 12, 2020 (id. at 2-3) and his Criminal Justice Facility account from February 26, 202 through July 28, 2020 (id. at 4). The print-out shows that between February 26, 2020 and June 5, 2020 (when the plaintiff filed this lawsuit), he received $850 in deposits at the House of Correction. Id.

The plaintiff also filed an affidavit in support of his February 2022 motion to reopen. Dkt. No. 15. The affidavit listed the three cases the plaintiff had filed in 2020—this one, 20-cv-619 and 20-cv-874. Id. at 1. The affidavit stated that the plaintiff had been "confined" for the past several weeks and had asked HOC staff to give him his six-month trust account. Id. at 2. The affidavit indicated that the plaintiff twice had requested the trust account statement—once on February 1, 2022 and a second time on February 11, 2022. Id. The plaintiff averred that he had "attempted several times to comply with the court orders and requirements," and said that on February 14, 2022, he made another request for an interview or a visit to the law library. Id. He stated that HOC employees had not responded. Id.

The court missed the fact that the plaintiff had filed these documents in February 2022—in part because the case had been closed for over a year. On June 8, 2022, the court received a second request from the plaintiff. Dkt. No. 16. This one is dated June 4, 2022. Id. at 1. It is titled "Fourth Request to Reopen the Above Cases." Id. It lists 20CV619, 20CV851 and 20CV874. Id. The

return address shows that the plaintiff is at 8885 S. 68th Street in Franklin, Wisconsin—the Milwaukee County House of Correction. Id. at 2.

Because the court dismissed the case and entered judgment over eighteen months ago (and fifteen months before the plaintiff filed his February 4, 2022 first motion to reopen), the plaintiff is asking the court for relief from that judgment. There are two rules that allow a court to grant a party relief from judgment: Federal Rules of Civil Procedure 59 and 60. Fed. R. Civ. P. 59(e) allows the court to alter or amend a judgment if a party files a motion within twenty-eight days of the court entering judgment. Rule 60(b) allows a court to grant relief from a final judgment for any of six specified reasons; if the party asks for relief based on one of the first three reasons (mistake, inadvertence, surprise, or excusable neglect; newly-discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); or fraud, misrepresentation, or misconduct by an opposing party), the party must file the motion within a year of the date the court entered judgment. Rule 60(c)(1). For any of the other reasons, the party must file the motion within a "reasonable time" after entry of judgment.

The plaintiff filed his motions well after the twenty-eight-day deadline in Rule 59(e), so that rule does not apply. Even if it did, the plaintiff has not presented any newly-discovered evidence, so he would be entitled to relief only if he could demonstrate that the court's dismissal of his case in November 2020 constituted a manifest error of law, which "is the 'wholesale disregard,

6

misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). The plaintiff has presented no evidence or argument that the court made a manifest error of law when it dismissed the case in November 2020. The court will deny the plaintiff's motions to the extent that he seeks to alter or amend the judgment under Rule 59(e).

Rule 60(b) allows a court to relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud . . . , misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Section 60(b)(1) allows a court to remedy its own mistakes. Mendez v. Republic Bank, 725 F.3d 651, 660 (7th Cir. 2013). But the plaintiff has not demonstrated that the court made a mistake. He asserts that the court's dismissal of his case resulted from his "excusable neglect;" the plaintiff asserts that he tried to get the trust account statement and was unable to do so. He has not provided proof of that fact other than his own affidavit. The plaintiff has not identified newly-discovered evidence or argued that the court dismissed

7

his case as the result of a fraud or argued that the judgment is void or has been satisfied.

That leaves Rule 60(b)(6), which allows a court to grant relief from judgment for "any other reason that justifies relief." The plaintiff *has* now provided a trust account statement from February 28, 2020, through June 12, 2020. But this trust account statement is not certified, so it does not satisfy the statutory requirements. See 28 U.S.C. §1915(a)(2) (requiring a "certified copy of the trust fund account statement (or institutional equivalent))." See also, Dkt. No. 2 (June 8, 2020 letter from the clerk's office advising the plaintiff that he must submit his "certified trust account statement"); Dkt. No. 5 (July 21, 2020 letter from the clerk's office advising the plaintiff that he must submit his "certified institutional trust account statement" within twenty-one days). Eighteen months after the court dismissed the case for failure to provide a certified trust account statement, the plaintiff still has not provided one. The court will not grant relief from judgment under Rule 60(b).

The court dismissed the plaintiff's case without prejudice, which means that the plaintiff is free to refile the case. This would allow the plaintiff to provide a more current trust account statement that would enable the court to calculate an initial partial filing fee based on his current financial circumstances instead of his financial circumstances from two and a half years ago. The plaintiff should be aware that there are statutes of limitation that bar

8

Case 2:20-cv-00851-PP   Filed 08/29/22   Page 8 of 9   Document 17

a person from filing a lawsuit after a certain amount of time has passed; if he chooses to file a new lawsuit, he may wish to act quickly.

The court also notes that in his 2020 cases, the plaintiff frequently filed a single document and put all three case numbers on it. Other times, he filed a document with only two case numbers on it and still other times he filed a document that showed only one case number. This practice has been the source of much confusion in his cases. The court understands that filing separate documents is time-consuming and can be expensive. But if the plaintiff has more than one case open and wants to seek the same relief in each of the cases, he must file a *separate* document in each case. He should put one case number only on each of the separate documents, rather than filing a single document that lists multiple case numbers.

The court **ORDERS** that the plaintiff's motion to reopen the case is **DENIED**. Dkt. No. 13.

Dated in Milwaukee, Wisconsin this 29th day of August, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**